## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

CARROLL GAYLORD, # 353-279,                *

Petitioner,                                *

v                                          *          Civil Action No. ELH-14-2734

WARDEN PATRICIA G. JOHNSON,[1]             *
THE ATTORNEY GENERAL OF THE
  STATE OF MARYLAND,                       *

Respondents.                               *
                                          ***

## MEMORANDUM OPINION

Pending is Carroll Gaylord's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. §2254, challenging his conviction in 2008 in the Circuit Court for Baltimore County for first- degree rape and related offenses. ECF 1.[2]  Respondents have filed a limited answer requesting  dismissal of the petition as time-barred. ECF 7.  Gaylord has filed a reply stating he is entitled to equitable tolling of the limitations period.  ECF 9.

The matter is ripe for disposition.  No hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2014).

---

[1]  A prisoner's custodian is the proper respondent in a habeas corpus proceeding. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-47(2004) (stating the writ should be directed to the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge."); *see also* 28 U.S.C. § 2243 (providing that any habeas petition must be directed at "the person having custody of the person detained').  At the time Gaylord filed the petition he was an inmate at Patuxent Institution, where Patricia Johnson is warden.  Gaylord is presently incarcerated at North Branch Correctional Institution ("NBCI").  Frank Bishop, who is the warden at NBCI,  will be substituted as a respondent in lieu of Warden Patricia Johnson.

[2]  This case was initially assigned to Judge William D. Quarles, Jr.  It was reassigned to me due to Judge Quarles's retirement.

## I.   PROCEDURAL HISTORY

A jury sitting in the Circuit Court for Baltimore County convicted Gaylord of first-degree rape, first-degree sexual offense, first-degree burglary, armed robbery, and related offenses.  ECF 7-1; ECF 7-2.  On October 6, 2008, the circuit court sentenced Gaylord to a term of life imprisonment for the first-degree rape conviction; a consecutive term of life imprisonment for the offense of first-degree sexual offense conviction; a twenty-year consecutive sentence for the robbery with a deadly and dangerous weapon; and a twenty-year sentence for the  first-degree burglary conviction, concurrent with the sentence for robbery with a deadly weapon sentence, but consecutive to the two life sentences.  The remaining convictions were merged. *Id.*

Gaylord appealed to the Court of Special Appeals of Maryland, which affirmed the judgments in an unreported opinion filed on November 10, 2010.  ECF 7-2.  Thereafter, on March 21, 2011, the Court of Appeals of Maryland denied Gaylord's petition for writ of certiorari.  ECF 7-3.  Gaylord did not seek further review by filing a petition for writ of certiorari in the Supreme Court of the United States.

On September 28, 2011, Gaylord filed a petition for post-conviction relief in the Circuit Court for Baltimore County.  ECF 7-1 at 11.  On January 13, 2012, Gaylord moved to withdraw the petition.  The circuit court granted the motion to withdraw on January 24, 2012. *Id.*

Gaylord filed another petition for post-conviction relief on August 30, 2012.  *Id.*  By order filed December 20, 2013, the circuit court denied post-conviction relief.  *Id* at 11.  Gaylord did not file an application for leave to appeal.

Gaylord's petition for federal habeas relief is dated August 18, 2014.  ECF 1 at 8.  For purposes of assessing the timeliness of the petition under 28 U.S.C. § 2244(d)(1)-(2), the court will treat the petition as delivered to prison authorities on the date it was signed and dated. *See*

*United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998) (rejecting limitations defense due to applicability of mail-box rule to petition filed pursuant to 28 U.S.C. § 2255); Rule 3(d), Rules Governing Section 2254 Proceedings (discussing the mailbox rule).

## II. DISCUSSION

A one-year statute of limitations applies to habeas petition cases for an individual in custody convicted in a state court. *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi*, 562 U.S. 545, 550 (2011). The limitations period runs "from the latest of" four specified dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A);[3] *see also Jimenez v. Quarterman*, 555 U.S. 113, 119-120 (2009) (explaining when "the conclusion of direct review occurs").

---

[3] 28 U.S.C. § 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> Because Gaylord does not allege that his motion is based on an impediment to filing an application created by unconstitutional state action, new facts, or on a right initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review, subsections B, C, and D are not applicable in analyzing the timelines of this case. Section 2244(d)(1)(A) provides the appropriate statute of limitation accrual date for this claim.

The one-year period is tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. § 2244(d)(2); *Wall*, 562 U.S. at 549; *Holland v. Florida*, 560 U.S. 631, 650-51 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *see also Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (applying equitable tolling to one-year limitations period in 28 U.S.C. § 2255).  But, the doctrine is meant to apply only where there are "extraordinary circumstances." *Holland*, 560 U.S. at 634.  Thus, to be entitled to equitable tolling, a petition must establish either that some wrongful conduct by respondent contributed to his delay in filing his motion to vacate, or that circumstances beyond his control caused the delay. *See Harris*, 209 F.3d at 330.

In other words, equitable tolling is available in "'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" *Whiteside*, 775 F.3d at 184 (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)) (additional citations omitted); *see United States v. Oriakhi*, 394 Fed. App'x 976, 977 (4th Cir. 2010); *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2001).  In *Harris*, 209 F.3d at 330, the Fourth Circuit explained:  "[A]ny resort to equity must be reserved for those rare instances where ... it would be unconscionable to enforce the limitation period against the party and gross injustice would result."

The cases cited above teach that a petitioner is entitled to equitable tolling only if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  However, only "'reasonable diligence'" is required.  *Holland*, 560 U.S. at 653 (citation omitted).  There is no requirement for "maximum feasible diligence." *Id.* (Citations and internal quotations omitted).

Gaylord's judgment of conviction became final for direct appeal purposes, and the one-year limitations period prescribed by 28 U.S.C. § 2244(d) began to run on June 20, 2011, when the time expired for filing for review in the Supreme Court.  *See* Sup. Ct. Rule 13.1 (requiring petition for a writ of certiorari to be filed within 90 days of date of judgment from which review is sought). Gaylord had no State post-conviction or other collateral proceeding pending that statutorily tolled the limitations period until he filed his post-conviction petition 100 days later, on September 28, 2011.  Post-conviction proceedings were pending until January 24, 2012, when the Circuit Court granted his motion to withdraw the petition.  ECF 7-1 at 11.  An additional 219 days then passed before Gaylord filed his second petition for post-conviction relief on August 30, 2012.  *Id*.  After the Circuit Court denied the post-conviction petition on December 20, 2013 (*id*.), 241 days passed before Gaylord filed for federal habeas relief on August 18, 2014.

 Given these circumstances, Gaylord had no post-conviction or other collateral proceeding pending in State court that statutorily tolled the limitations period under 28 U.S.C. §2244(d) for a total of 560 days, a period well exceeding one year.  Thus, this case was untimely filed and must be dismissed as time-barred, unless principles of equitable tolling apply.

Gaylord asserts several reasons for equitable tolling of the limitations period.  First, he claims that because he did not receive a copy of his post-conviction hearing transcript, he was unable to properly prepare his federal habeas petition. ECF 9 at 1.  Second, he states he has limited or no understanding of the law and was unable to access a "suitable" law library.  *Id.* Third, he attributes his late filing to an institutional lockdown on August 5, 2013, through November 12, 2013, and his resulting inability to post outgoing mail during that time. *Id.*

Generally, a delay or failure to obtain transcripts does not warrant the tolling of the statute of limitation. *Lloyd v. Vannatta*, 296 F.3d 630 (7th Cir. 2002) (equitable tolling does not

excuse late filing of a § 2254 petition due to inmate inability to obtain complete trial transcript); *Donovan v. Maine*, 276 F.3d 87, 93-94 (1st Cir. 2002) (delay in receiving transcript does not establish a basis for equitable tolling); *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001)(equitable tolling is not warranted where a petitioner is unable to obtain a transcript because a transcript is not a condition precedent to the filing of a § 2254 petition). A federal habeas petition need only specify the grounds for relief, include a statement of the supporting facts, specify the requested relief, and be signed under penalty of perjury. *See* Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. There is no requirement that the petition itself be filed with any or all supporting documents or contain citations to the record.  Consequently, the fact that Gaylord lacked the transcript of his State post-conviction hearing does not constitute an extraordinary circumstance sufficient to justify equitable tolling.

Moreover, Gaylord's pro se status and lack of knowledge of the law do not constitute extraordinary circumstances so as to warrant equitable tolling.  *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (applying 28 U.S.C. § 2255); *Cross–Bey v. Gammon*, 322 F.3d 1012, 1215 (8th Cir. 2003) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.") (internal quotations omitted); *Felder v. Johnson*, 204 F.3d 168, 171–73 (5th Cir. 2000) (ignorance of the law is not a rare and exceptional circumstance that warrants equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 18 (2nd Cir. 2000) (pro se status does not establish sufficient ground for equitable tolling).

 Further, limited access to the law library, including restrictions due to security measures, does not constitute extraordinary circumstances, given the stringent security procedures in

prisons. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (concluding that three-month segregation and limited access to the law library "were neither extraordinary nor made it impossible for [petitioner] to file his petition in a timely manner"); *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) (stating that "a prisoner's limited access to the prison law library is not grounds for equitable tolling"); *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (declining to grant equitable tolling where petitioner was segregated for 60 day and had limited access to the law library); *Marsh v. Soares*, 223 F.3d 1217, 1221 (10th Cir. 2000) (holding that a 15–day holiday closure of the law library did not constitute extraordinary circumstances); *Felder v. Johnson*, 204 F.3d at 171–72 (concluding inadequacy of the law library did not amount to extraordinary circumstances). Notably, Gaylord fails to particularize how library access actually delayed submission of his federal petition.

Insofar as Gaylord attributes the untimely filing of the petition to the institutional lockdown from August 5, 2013,  through November 12, 2013, he fails to explain why he did not submit his federal petition until August 18, 2014, some nine months later.  Moreover, courts have found lockdowns are incidental to prison life and do not amount to extraordinary circumstance necessary to warrant equitable tolling. *See*, *e.g.*, *Allen v. Johnson*, 602 F. Supp. 2d 724, 729 (E.D. Va. 2009) (facility lockdown amounted to no more that the routine incident of prison life and did not constitute an extraordinary circumstance warranting equitable tolling); *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002) (transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances for purposes of tolling the limitation period); *United States v. Van Poyck*, 980 F.Supp. 1108, 1110–11 (C.D.Cal. 1997) (general prison lockdown preventing prisoner access to the library is not an extraordinary

circumstance warranting equitable tolling).

In sum, Gaylord fails to show that he was prevented from filing his habeas petition because of extraordinary circumstance beyond his control, much less a government impediment. And, he fails to show that he acted with due diligence necessary for equitable tolling. Accordingly, I will not apply equitable tolling and will dismiss this case as time-barred under 28 U.S.C. §2244(d).

**CERTIFICATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing Proceedings under Section 2254 provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant…" If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

In *Slack v. McDanie*l, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA  [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.  Gaylord does not satisfy this standard.  Thus, I decline to issue a certificate of appealability.

**CONCLUSION**

For these reasons, the petition will be dismissed as time-barred and a certificate of appealability shall not issue.  A separate Order follows.


March 31, 2016                              _____/s/_____
Date                                                     Ellen L. Hollander
                                                            United States District Judge